GRABOWSKI, Plaintiff-Appellant, v. KAMINSKI et, Defendants-Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23865.   Decided November 21, 1956.

M. Morgenstern, B. B. Direnfeld, Cleveland, for plaintiff.

See Grabowski v. Leysa et.

## OPINION

Per CURIAM:

In this case the court granted a new trial because it held "that the verdict in its amount is not sustained by sufficient evidence; and * * * is so insufficiently sustained by evidence * * * as to its amount, as inherently to show passion and prejudice on the part of the jury * * *."

We have examined the record in this case of some 415 pages very carefully and find there is no evidence whatever in the entire record which would indicate that the jury was influenced by passion and prejudice. We find also that there was ample credible evidence to sustain the verdict in plaintiff's favor. We hold, also, that the amount of the verdict was not inherently so large as in itself to indicate passion and prejudice; in view of the evidence and the charge of the court to the jury that "damages must rest in the sound judgment and discretion of the jury * * *. It must be a reasonable amount in view of all the cir-

516

"cumstances." And that the jury could not "bring in a verdict for more than the amount * * * prayed for in the petition" namely, $25,000.00.

We conclude that the judgment granting a new trial should be reversed as constituting an abuse of discretion and the cause is remanded with instructions to vacate the entry granting the motion for new trial and to overrule the same and reinstate the judgment. A remittitur is granted in the sum of $1500.00, as under all the circumstances, we find the judgment to be excessive but not influenced by passion and prejudice, and if same is accepted as modified in the sum of $2500.00 within ten days of this entry, the judgment, as modified, should be affirmed. Otherwise the judgment will be reversed as being excessive but not influenced by passion or prejudice and the cause remanded for further proceedings according to law.

Exceptions. Order see journal.

KOVACHY, PJ, SKEEL and HURD, JJ, concur.